IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Case No.  3:14-CV-3751 |
| | § | |
| $69,381.00 IN UNITED STATES | § | |
| CURRENCY, | § | |
| Defendant Property | § | |

## COMPLAINT FOR FORFEITURE

Plaintiff United States of America ("the government") files this complaint *in rem* against the defendant property, alleging the following pursuant to Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Federal Rules of Civil Procedure):

### NATURE OF THE ACTION

1.      The government seeks to forfeit the defendant property to the United States pursuant to 21 U.S.C. § 881(a)(6), 18 U.S.C. § 981(a)(1)(A), and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Federal Rules of Civil Procedure).

### THE DEFENDANT PROPERTY AND ITS LOCATION

2.      The defendant property is comprised of $69,381.00 in United States currency seized on May 14, 2014 in the Northern District of Texas by agents of the Drug Enforcement Administration ("DEA").

**Complaint for Forfeiture - Page 1**

3.      The defendant property is currently in the custody and management of the United States Marshals Service.

## JURISDICTION AND VENUE

4.      The court has subject matter jurisdiction of this cause of action by virtue of 28 U.S.C. §§ 1345 and 1355(a), since this is a forfeiture action commenced by the United States of America.

5.      The court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b).

6.      Venue is proper in the Northern District of Texas under 28 U.S.C. § 1355(b)(1) and 28 U.S.C. § 1395(b), because the defendant property was found in the Northern District of Texas.

## POTENTIAL CLAIMANTS TO DEFENDANT PROPERTY

7.      The only potential claimants to the property known to the government are Francisco Godinez Fernandez, Sr.; Deisy Godinez; Wendy Godinez; and Oralia Chavez. These four individuals claimed ownership of the defendant property in the administrative forfeiture proceeding initiated by the DEA against the defendant property following its seizure.

8.      Francisco Godinez Fernandez, Sr.; Deisy Godinez; Wendy Godinez; and Oralia Chavez may be served with process at 1415 Randolph Street, Arlington, Texas.

## BASIS FOR FORFEITURE

### Relevant Statutes

9.      Title 21, United States Code § 812 establishes schedules for controlled substances, specifically, Schedules I through Schedule V, depending on the substance's level of potential for abuse, the substance's current medical use, and the substance's level of possible physical dependence.

10.      Title 21, United States Code § 841(a)(1) criminalizes the unlawful distribution of controlled substances, and Title 21, United States Code § 846 criminalizes any conspiracy to do so.

11.      All moneys and things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, United States Code §§ 841(a)(1) or 846; all proceeds traceable to such an exchange; and all moneys used or intended to be used to facilitate any violation of Title 21, United States Code §§ 841(a)(1) or 846 are subject to civil forfeiture to the United States of America pursuant to Title 21, United States Code § 881(a)(6).

12.      18 U.S.C. § 1956 criminalizes knowingly conducting a financial transaction involving the proceeds of a specified unlawful activity with the intent to promote the carrying on of specified unlawful activity or knowing that the transaction is designed, in whole or in part, to conceal the nature, source, ownership, location, or control of the proceeds.

13.      18 U.S.C. § 1957 criminalizes engaging in a monetary transaction involving the

**Complaint for Forfeiture - Page 3**

proceeds of specified unlawful activity of value more than $10,000.00.

14.     All property involved in, or traceable to property involved in, money laundering is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A).

Relevant Activity

15.     In 2012 and 2013, Juan Carlos Bejar-Vega, working with Eliezar Aleman, sold approximately two to three kilograms of methamphetamine per week to other individuals. Bejar-Vega delivered the methamphetamine to the individuals, as well as retrieved from them the money they earned from selling the methamphetamine to others.  Additionally, Bejar-Vega is a methamphetamine "cook", a person who converts methamphetamine from liquid or powder form to crystallized form.

16.     On March 6, 2014, Bejar-Vega and Deisy Godinez left the residence at 629 Chapman Drive, Lancaster, Texas with another individual and traveled to the residence at 1415 Randolph Street, Arlington, Texas.  The residence at 1415 Randolph Street, Arlington, Texas is a location at which money earned from the sale of controlled substances, such as methamphetamine, is "stashed" by drug traffickers.  Additionally, vehicles used by drug traffickers to send controlled substances, such as methamphetamine, from Texas to other states are often brought to the residence at 1415 Randolph Street.

17.     On March 20, 2014, Jose Luis Adame sold eight ounces of methamphetamine to an individual.  The methamphetamine had been stored at the residence at 629 Chapman Drive, Lancaster, Texas, but was taken from that location by Juan Carlos Bejar-Vega and delivered to Adame for the sale.

18.     On April 22, 2014, Juan Carlos Bejar-Vega met with an individual and discussed the sale of methamphetamine with that individual, including the individual buying methamphetamine from Bejar-Vega and Eliezar Aleman at an elevated price until the individual's past drug debt was paid in full.  Additionally, Bejar-Vega accepted $1,000.00 from the individual as a partial debt payment.  After the meeting, Bejar-Vega drove to the residence at 1415 Randolph Street, Arlington, Texas.

19.     On May 14, 2014, DEA agents and other law enforcement officers executed a federal search warrant at the residence at 1415 Randolph Street, Arlington, Texas.  When the warrant was executed, Oralia Chavez, Deisy Godinez, and Wendy Godinez were inside the residence.  When the warrant was executed, U.S. currency was contained inside a metal box in the master bedroom closet of the residence, as well as inside a dresser in that same room.  The U.S. currency in the two locations totaled $69,831.00.  Three handguns were also inside the master bedroom closet.

20.     Chavez told the law enforcement agents executing the search warrant that she and her husband, Francisco Godinez-Fernandez, rented the residence at 1415 Randolph, Arlington, Texas and stayed in the residence's master bedroom.

21.     Chavez told the law enforcement agents executing the search warrant that her daughter, Deisy Godinez, and her daughter's boyfriend, Juan Carlos Bejar-Vega, stayed in another bedroom of the residence at 1415 Randolph, Arlington, Texas.

22.     Chavez told the law enforcement agents executing the search warrant that her husband, Francisco Godinez-Fernandez, works in the corn fields in California.

**Complaint for Forfeiture - Page 5**

23.     Chavez told the law enforcement agents executing the search warrant that the U.S. currency inside the residence at 1415 Randolph, Arlington, Texas was her savings from a business that sold clothing and other merchandise at Trader's Village, a flea market in Grand Prairie, Texas.

24.     On May 14, 2014, DEA agents and other law enforcement officers executed a federal search warrant at the residence at 629 Chapman Drive, Lancaster, Texas.  When the warrant was executed, no one was inside the residence.  When the warrant was executed, approximately fifteen pounds of methamphetamine were inside the residence.  When the warrant was executed, methamphetamine conversion equipment, including Thermos-type coolers; plastic tubs containing a brown/black crystalline substance and brown liquid; strainers; a gas can; digital scales; metal cooking pots; empty plastic tubs; metal spoons; cans originally containing assorted brands of acetone, were inside the residence. Additionally, five handguns, assorted ammunition, a bullet-proof vest, and drug ledgers were inside the residence.

25.     Juan Carlos Bejar-Vega was arrested in May 14, 2014 based on a federal criminal complaint stating he was actively involved in distributing methamphetamine in the Dallas area (No. 3:14-MJ-273-K.)  When arrested, Bejar-Vega identified his residence as 1415 Randolph Street, Arlington, Texas.  Bejar-Vega was subsequently indicted in the Northern District of Texas for his involvement in distributing methamphetamine, specifically, violating Title 21 of the United States Code (No. 3:14-CR-221-K).

26.     After each being notified by the Drug Enforcement Administration that they could

**Complaint for Forfeiture - Page 6**

claim ownership of the three handguns found inside the master bedroom of the residence at 1415 Randolph, Arlington, Texas on May 14, 2014, Francisco Godinez Fernandez, Sr.; Deisy Godinez; Wendy Godinez; and Oralia Chavez did not do so.

27.     The defendant property was furnished in exchange for a controlled substance or listed chemical in violation of Title 21, United States Code §§ 841(a)(1) or 846.

28.     The defendant property is proceeds traceable to the exchange of a controlled substance or listed chemical in violation of Title 21, United States Code §§ 841(a)(1) or 846.

29.     The defendant property was used or intended to be used to facilitate any violation of Title 21, United States Code §§ 841(a)(1) or 846.

30.     The defendant property is subject to civil forfeiture pursuant to Title 21, United States Code § 881(a)(6).

31.     The defendant property was involved in money laundering in violation of Title 18, United States Code §§ 1956 and/or 1957.

32.     The defendant property is traceable to property involved in money laundering in violation of Title 18, United States Code §§ 1956 and/or 1957.

33.     The defendant property is subject to civil forfeiture pursuant to Title 18, United States Code § 981(a)(1)(A).

## RELIEF SOUGHT

34.   Therefore, the government requests the following:

a.   the District Clerk issue a warrant for the arrest of the defendant property pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

b.   the United States Marshals Service arrest the defendant property pursuant to the warrant, as provided by Rule G(3)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

c.   the government publish notice of the complaint for forfeiture on the website www.forfeiture.gov for at least 30 consecutive days, in accordance with Rule G(4)(a)(iv)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

d.   the United States Marshals Service serve notice, pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, on any person reasonably appearing to be a known potential claimant, advising the person of the date of notice; of the deadline for filing a claim; that an answer or motion under Rule 12(b) must be filed no later than 21 days after the filing of the claim; and of the name of the government's attorney to be served with the claim and answer;

e.   the court, after all proceedings are had on this complaint for forfeiture, declare the defendant property forfeited to the government according to law;

f.  the court appropriately tax all costs and expenses incurred by the government in

   obtaining the forfeiture of the defendant property against any persons or entities

   who filed a verified claim and answer herein; and

g.  the court grant the government any further relief, at law or in equity, to which it

   may show itself justly entitled.

Respectfully submitted,

SARAH R. SALDAÑA
United States Attorney

**/s/ JOHN J. DE LA GARZA III**
Assistant United States Attorney
Texas State Bar Number 00796455
1100 Commerce St., Third Floor
Dallas, Texas 75242
Telephone: 214-659-8682
Facsimile: 214-659-8803
John.delagarza@usdoj.gov

## VERIFICATION OF COMPLAINT

I, Travis Schulze, declare under penalty of perjury that the following is true and correct to the best of my knowledge.

I am a Special Agent with the Drug Enforcement Administration, and I have been assigned to assist in the forfeiture of the defendant property. I have read the foregoing Complaint for Forfeiture and know its contents. The factual information contained in the Complaint for Forfeiture is true and correct.

Date: October 20, 2014

Travis Schulze
Special Agent, DEA